IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CLARKE D. PATTERSON,**

    **Petitioner,**

v.                                                    **Case No. 1:19cv135**
                                                          **(Judge Kleeh)**

**RUSSELL MASTON, Superintendent,**
**St. Marys Correctional Center,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On August 27, 2020, the Clerk of Court received a document from the *pro se* Petitioner[1] in his pending § 2254 proceedings, which was styled a Writ of Mandamus and captioned for filing within this Court. ECF No. 38. Attached to the same was a post-conviction habeas corpus form application to proceed *in forma pauperis,* averring that he is in Kanawha County.[2] The document was not accompanied by any cover letter or explanation, and was docketed in Petitioner's § 2254 proceedings.

Petitioner is presently serving a sentence for of "Use of Obscene Matter with Intent to Seduce Minor" in violation of W.Va. Code § 61-8A-4, and one count of "Sexual Abuse by a Parent, Guardian or Person in a Position of Trust," in violation of W.Va. Code § 61-8D-5, imposed by the Circuit Court of Clay County on December 15, 2014. The writ of mandamus cites primarily to West Virginia law, but does also allege an Fourth and Fourteenth Amendment violations associated with an alleged illegal search and seizure in his underlying criminal proceedings in Clay County Circuit Court. Petitioner seeks a new trial without the evidence obtained through "illegal"

---

[1] Petitioner is an inmate at St. Marys Correctional Center ("SMCC") in St. Marys, West Virginia.

[2] St. Marys, West Virginia is in Pleasants County, not Kanawha County.

search and seizure, without the "constitutional violation influence charges;" alternatively, he seeks compensatory damages to reimburse him for "the time spent in prison, because the hateful thing the state worker done against his constitutional rights, being in prison on one of the worse crime to do time on." Id. at 10.

Despite the fact that Petitioner has not filed his writ in the West Virginia Supreme Court of Appeals ("WVSCA") Petitioner argues that the WVSCA "can appellate Jurisdiction final decision and judgment order issued by lower courts. 'FINAL JUDGMENT,' as leaves nothing for the lower court to do but, execute the judgment." ECF No. 38 at 2 (all spelling and grammatical errors in original). He goes on to say that "[t]he lower courts in Clay county, should not follow the recommendation, finding and conclusions of a lower courts . . . [they] should have done their own investigation and seen that the Charge from the lower court was base on, the Illegal Search and Seizure Personal Property Evidence, stolen by State Worker." Id. Petitioner then goes on to raise much the same insufficiently-pled, difficult to discern claims as he has raised in his pending § 2254 proceedings. He simultaneously argues that "Clay County Circuit Court must review findings of fact made by the lower courts," while appearing to overlook the fact that Clay County Circuit Court *is* the "lower court" that Petitioner complains of.

Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 (emphasis added).

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." Central South Carolina Chapter,

Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina, 551 F.2d 559, 562 (4th Cir. 1977). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). To the extent that Petitioner is seeking mandamus relief, he is asking a federal court to order a state agency or its officials to act in a particular manner. However, a federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner.

Furthermore, the relief Petitioner is seeking must be sought through a pending writ of habeas corpus as a state prisoner, through a petition for a writ of habeas under 28 U.S.C. § 2254 filed in the United States District Court with jurisdiction in the county in which the prisoner was convicted, after exhaustion of available state court remedies. It does not appear that the petitioner ever filed a § 2254 habeas corpus petition in the United States District Court for the Southern District of West Virginia, which is the court with jurisdiction over Clay County.

Based on the foregoing, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus against any state officials as requested by Petitioner in his petition. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Mandamus as being legally frivolous and failing to state a claim upon which relief can be granted. It is further **RECOMMENDED** that Petitioner's attached Motion for Leave to Proceed *in forma pauperis* be **DENIED AS MOOT.**

**Within fourteen days after service** of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy to all counsel of record via electronic means.

Dated: February 8, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE